UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARCELLE DORSEY,

        Petitioner,        Case No. 1:08-cv-18

v.        Honorable Janet T. Neff

KENNETH McKEE,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in Wayne County Circuit Court of one count of second-degree murder, MICH. COMP. LAWS § 750.317; one count of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced on February 13, 2002, to consecutive terms of incarceration of twenty-two and one-half to forty years, five years, and two years, respectively. He is currently incarcerated at the Saginaw Correctional Facility.[1] In his *pro se* amended petition (docket #5), Petitioner raises two grounds for relief, verbatim, as follows:

1. DEFENDANT DORSEY WAS DENIED HIS RIGHT TO CONFRONTATION AND A FAIR TRIAL WITH THE TRIAL COURT ALLOWED THE PROSECUTION TO INTRODUCE INCULPATORY HEARSAY STATEMENTS OF THE NON-TESTIFYING CODEFENDANT IN A JOINT JURY TRIAL.

---

[1]According to his petition, he was incarcerated at Bellamy Creek Correctional Facility at the time he filed his petition in the Western District of Michigan.

> 2. DEFENDANT DORSEY HAS ESTABLISHED GOOD CAUSE FOR FAILURE TO RAISE PRESENT CLAIMS ON DIRECT APPEAL DUE TO THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND ACTUAL PREJUDICE.

Respondent has filed an answer to the petition (docket #10) stating that the grounds should be denied because they are procedurally defaulted. Upon review and applying the AEDPA standards, I find that Petitioner's claims are without merit. Accordingly, I recommend that the petition be denied.

## Procedural History

### A. Trial Court Proceedings

Petitioner was charged with one count of murder in the first-degree, one count of felon in possession of a firearm and one count of possession of a firearm during the commission of a felony. Following a preliminary examination on October 11, 2001, he was bound over on the same charges. Petitioner was tried before a jury beginning Tuesday, January 22 and concluding on Tuesday, January 29, 2002.

According to testimony given at the preliminary examination, the victim, Cherell King, and Reto Andrews were driving around in King's car on a Saturday night in May of 2001. (Preliminary Examination Transcript (P.E. Tr.) at 14, docket #13.) They stopped the car to speak with Petitioner and Delano Gaffney. Petitioner and Gaffney then got in the back seat of the car; Gaffney on the driver's side behind King and Petitioner behind Andrews. (P.E. Tr. at 14-15.) After driving around for a while and stopping at a liquor store, Gaffney and King started to argue about money that King owed Gaffney. (P.E. Tr. at 16-17.) The argument continued and Gaffney told King to stop the car. Then Gaffney and Petitioner pulled guns and pointed them at the heads of King and Andrews, respectively. (P.E. Tr. at 17-18.) Andrews then heard a bang, turned his head and saw that

King had been shot. (P.E. Tr. at 18.) Gaffney then opened the car door, placed King in the backseat of the car, and ordered Andrews to get in the backseat next to King. (P.E. Tr. at 21.) Gaffney then drove around for a while, dumped the body of King while Petitioner pointed a gun at Andrews. (P.E. Tr. at 23.) Andrews was not shot and was dropped off at a liquor store. (P.E. Tr. at 25.)

As relevant to the claims raised in this petition, Lanier McPherson testified at the preliminary hearing that Gaffney talked to him about the circumstances of King's death while he and Gaffney were incarcerated together at the Wayne County Jail. (P.E. Tr. at 90.) According to McPherson, he, Gaffney and Petitioner had been friends for about seventeen years prior to this conversation at the jail. (P.E. Tr. at 89-90.) McPherson testified that Gaffney told him that Gaffney killed King because he was concerned that King would implicate Gaffney in another first-degree murder case pending against Gaffney. (P.E. Tr. at 92.) Gaffney reportedly told McPherson that Petitioner was with him in the car at the time King was shot. (P.E. Tr. at 93.)

Petitioner's attorney objected to the admission of McPherson's testimony, but the Court admitted McPherson's testimony about Gaffney's statement against Petitioner for purposes of the preliminary examination. (P.E. Tr. at 113-114.)

Before trial, the prosecution moved to have McPherson's testimony admitted against Gaffney and Petitioner. A hearing was held on December 19, 2001. (See Dec. 19, 2001 Mot. Transcript (12/19/01 Mot. Tr.) at 3, 5, docket #15.) The Court allowed the evidence to be admitted against both Defendants and denied Petitioner's request for a separate trial. (12/19/01 Mot. Tr. at 9.)

On January 11, 2002, a hearing was held to determine whether King's statement given to police regarding another murder was admissible. The testimony also involved a murder allegedly

committed by Gaffney, Petitioner and McPherson, for which they were charged with first-degree murder. (See Jan. 11, 2002 Motion Transcript (1/11/02 Mot. Tr.) at 5, docket #16.) The prosecution's theory was that Gaffney and Petitioner's motive for killing King was that King was a witness against them in the other matter. (1/11/02 Mot. Tr. at 6-8.) Petitioner argued that there was no case pending against him at the time of King's death, as the charges had been dismissed, so Petitioner had no motive for killing King. (1/11/02 Mot. Tr. at 15, 30-31.) The Court admitted the evidence of the prior murder charges, the dismissal, and King's statement against Gaffney and Petitioner. (Jan. 16, 2002 Hearing Transcript (1/16/02 Hr. Tr.) at 9, docket #17.)

At trial, McPherson reiterated his testimony that he had been a long-time friend of both Gaffney and Petitioner. McPherson then recanted his prior testimony given at the preliminary hearing about Gaffney's statement. (Jan. 23, 2002 Trial Transcript (1/23/02 T. Tr.) at 235-38, docket #19.) McPherson testified that he had lied when he testified at the preliminary hearing that he had a conversation with Gaffney regarding the circumstances of King's death. (1/23/02 T. Tr. at 235-38, 247.) The prosecutor attempted to impeach McPherson by reading his prior testimony aloud. But McPherson stated that the prior testimony was not true and that the testimony was based on information given to him by the investigating detectives. (1/23/02 T. Tr. at 239-43.) McPherson denied needing Gaffney's testimony in a criminal matter currently pending against him. (1/23/02 T. Tr. at 245.)

At the conclusion of the trial on January 29, 2002, the jury found Petitioner guilty of aiding and abetting murder in the second-degree, felony firearm and possession of a firearm by a felon. (Jan. 29, 2002 Trial Transcript (1/29/02 T. Tr.) at 9, docket #23.) On February 13, 2002, Petitioner was sentenced to concurrent terms of twenty-two and one-half years for the second-degree

murder conviction, one to five years for the felon in possession conviction and a consecutive term of two years for the felony firearm conviction. (Sentencing Transcript (S. Tr.) at 33, docket #24.)

### B.     Direct Appeal

Petitioner appealed as of right to the Michigan Court of Appeals. His brief, which was filed by counsel on November 15, 2002, raised the following four issues.

1.  WAS ADMISSION INTO EVIDENCE AT TRIAL OF PROSECUTION WITNESS LANIER MCPHERSON['S] PRIOR TESTIMONY IMPROPER AS THIS TESTIMONY CONTAINED NONE OF THE INDICIA OF RELIABILITY REQUIRED FOR ADMISSIBILITY THEREBY DENYING APPELLANT A FAIR TRIAL?

2.  DOES THE TRIAL COURT'S FAILURE TO INSTRUCT APPELLANT'S JURY REGARDING THE PROPER USE AND EFFECT OF THE PRIOR INCONSISTENT STATEMENTS OF PROSECUTION WITNESS RETO ANDREWS CONSTITUTES REVERSIBLE ERROR AS IT DENIED APPELLANT A FAIR TRIAL?

3.  WAS THE EVIDENCE PRESENTED AT APPELLANT'S TRIAL INSUFFICIENT TO CONVICT HIM OF EITHER FELONY FIREARM OR FELON IN POSSESSION OF A FIREARM?

4.  WAS APPELLANT DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION WHERE EVIDENCE REGARDING THE STATEMENT OF THE VICTIM GIVEN TO THE POLICE IN ANOTHER MATTER WAS ADMITTED AGAINST APPELLANT AT TRIAL?

(See Def.-Appellant's Br. on Appeal at iix-ix, docket #25.) Claim 1 challenged the introduction of *McPherson's* preliminary examination testimony, not Gaffney's out-of-court statement to McPherson. By unpublished opinion issued on October 30, 2003, the Michigan Court of Appeals rejected all appellate arguments and affirmed Petitioner's convictions and sentences. (See 10/30/03 Mich. Ct. App. Opinion (MCOA Op.), docket #25.) With regard to McPherson's testimony, the Court found that the statement was admissible under Mich. Evid. R. 801(d)(1), which provides that

a statement is not hearsay if the declarant testifies at trial and the statement is inconsistent with the declarant's testimony and was given under oath. The Court rejected a Confrontation Clause claim, because McPherson testified at Petitioner's trial. (Op. 1-2.)

Petitioner filed a *pro per* delayed application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same four claims raised before and rejected by the Michigan Court of Appeals, along with two new claims: ineffective assistance of counsel and that the cumulative errors of his counsel were so prejudicial that he was denied a fair trial. (See Def.-Appellant's Delayed App. for Leave to Appeal at i-ii, docket #26.) By order entered April 30, 2004, the Michigan Supreme Court denied leave to appeal. On August 31, 2004, Petitioner's motion for reconsideration was also denied. (See 8/31/04 Mich. Order, docket #26.)

### C. Post-conviction relief

Petitioner then filed a *pro per* motion for relief from judgment in the Wayne County Circuit Court. According to the Opinion and Order denying Petitioner's motion and Petitioner's briefs to the Michigan Court of Appeals and Michigan Supreme Court, he raised six grounds:

    I.    [PETITIONER] WAS DENIED HIS RIGHT TO CONFRONTATION AND A FAIR TRIAL WHEN THE TRIAL COURT ALLOWED THE PROSECUTOR TO INTRODUCE INCULPATORY HEARSAY STATEMENTS OF THE NON-TESTIFYING CO-DEFENDANT IN A JOINT TRIAL.

    II.    [PETITIONER] WAS DENIED DUE PROCESS AND HIS RIGHT TO PUBLIC TRIAL WHEN THE TRIAL COURT CLOSED THE COURTROOM FOR A PROSECUTION WITNESS AT TRIAL, WHO HAD PREVIOUSLY TESTIFIED IN AN OPEN COURTROOM.

    III.    [PETITIONER] WAS DENIED A FAIR TRIAL WHEN THE PROSECUTION MADE IMPROPER DENIGRATING STATEMENTS ABOUT THE ALIBI DEFENSE AS A RED HERRING AND AS BEING

> SCRIPTED, AND THAT DEFENSE COUNSEL WAS MISLEADING THE JURY.
>
> IV. THE PROSECUTOR WAS PRECLUDED FROM CALLING A REBUTTAL WITNESS TO DEFENDANT'S ALIBI BECAUSE THERE WAS NO NOTICE FILED REGARDING THE WITNESS.
>
> V. [PETITIONER] IS ENTITLED TO BE RESENTENCED BECAUSE THE COURT FAILED TO STATE ANY REASON FOR IMPOSING THE SENTENCE.
>
> VI. [PETITIONER] HAS ESTABLISHED GOOD CAUSE FOR FAILURE TO RAISE THE PRESENT CLAIMS ON DIRECT APPEAL DUE TO THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND ACTUAL PREJUDICE.

(See Def.-Appellant's Delayed App. for Leave to Appeal, docket #27; Def.-Appellant's App. for Leave to Appeal, docket #28; 12/19/2005 Wayne County Cir. Court Op. at 3-4, 6, 8, docket #27.) The post-judgment motion challenged for the first time the introduction of *Gaffney's* statement on Confrontation Clause grounds. Judge Carole Youngblood issued a ten-page opinion analyzing and rejecting each post-judgment claim. With regard to Petitioner's Confrontation Clause challenge to the admission of co-defendant Gaffney's statement, Judge Youngblood cited *Crawford v. Washington*, 541 U.S. 36 (2004), as the controlling law. Applying *Crawford*, the Court rejected Petitioner's Confrontation Clause challenge, finding that Gaffney's jailhouse statement to his friend McPherson was not testimonial in nature and that the Confrontation Clause did not apply. (Op. at 3-4, found in Michigan Court of Appeals record, docket # 27.)

Through counsel, Petitioner sought delayed leave to appeal the denial of his motion for relief from judgment. The Michigan Court of Appeals denied Petitioner's application on May 11, 2007. (See 5/11/07 MCOA Order, docket #27.) Petitioner then sought leave to appeal from the

Michigan Supreme Court, which was denied on November 29, 2007. (See 11/29/07 Mich. Order, docket #28.)

Petitioner raises in this petition the first and sixth claims raised in his motion for relief from judgment.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have

appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir.

1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

### I. Confrontation Clause[2]

In his first ground for relief, Petitioner asserts that his rights under the Confrontation Clause were violated because the trial court allowed McPherson to testify about Gaffney's statement regarding his and Petitioner's roles in the shooting. Petitioner argues that Gaffney's testimony was testimonial in nature under *Crawford v. Washington*, 541 U.S. 36 (2004), and that Petitioner never had an opportunity to confront Gaffney, the declarant, in violation of the Confrontation Clause. (Br. in Supp. of Pet. at 22, docket #2.) Petitioner also argues that the statement contained no "particularized guarantees of trustworthiness" as required under *Ohio v. Roberts*, 448 U.S. 56 (1980). (Br. in Supp. of Pet. at 22.)

Because the state circuit court directly addressed Petitioner's Confrontation Clause claim, its decision is accorded deference under AEDPA. To receive habeas relief, Petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Crawford*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Johnson v. Bell*, 525 F.3d 466, 487 (6th Cir. 2008). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Crawford* incorrectly. Rather, petitioner must

---

[2] Petitioner raised the two grounds presented in this habeas petition only in his motion for relief from judgment and appeal. Respondent argues that his claims are procedurally defaulted because the Michigan Supreme Court denied leave to appeal pursuant to MICH. CT. R. 6.508(D) "because [Petitioner] failed to meet the burden of establishing entitlement to relief." (See 11/29/07 Mich. Order, docket #28; Answer to Pet. at 5, docket #10.) Where, as here, the procedural default issue raises complex questions, the Court may ignore the apparent procedural default and proceed to the merits. *See Cone v. Bell*, 243 F.3d 961, 971 (6th Cir. 2001), *rev'd on other grounds*, *Bell v. Cone*, 535 U.S. 685 (2002); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

show that the state court applied *Crawford* to the facts of his case in an objectively unreasonable manner. *Bell*, 535 U.S. at 699. This creates a "high burden" for petitioner, *see Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006), which he cannot possibly meet in this case.

*Crawford* was decided on March 8, 2004, while Petitioner's case was pending on direct appeal. *Crawford* therefore applies to Petitioner's case. *Crawford* overruled *Roberts* and held that "[t]estimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." *Crawford*, 541 U.S. at 59. The Court has since made it clear that the Confrontation Clause applies only to out-of-court statements that are testimonial in nature. "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The threshold issue in a Confrontation Clause challenge to an out-of-court statement is whether it was "testimonial" within the meaning of *Crawford*. Despite Petitioner's assertions to the contrary, the statement made by Gaffney to McPherson is patently not testimonial in nature. The *Crawford* Court did not define precisely the limits of testimonial statements. Statements made during police interrogations and prior in-court testimony both are unquestionably testimonial. *Crawford*, 541 U.S. at 52-53. Statements made to friends and acquaintances clearly are not. *See Desai v. Booker*, 538 F.3d 424, 427 (6th Cir. 2008); *United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005). Gaffney's statement to McPherson was between inmates in a jail cell, and such statements are not testimonial. *See Davis*, 547 U.S. at 825 (statements from one prisoner to another

"clearly" not testimonial) (citing *Dutton v. Evans*, 400 U.S. 74, 87-89 (1970) (plurality opinion). Such a nontestimonial statement does not implicate the Confrontation Clause.

Once it is determined that a statement is not testimonial, the Confrontation Clause analysis is at an end. The *Crawford* Court eliminated the

> Confrontation Clause protection against the admission of unreliable out-of-court nontestimonial statements [provided by *Roberts*]. Under *Roberts*, an out-of-court nontestimonial statement [was] not subject to prior cross-examination could not be admitted without a judicial determination regarding reliability. Under *Crawford*, on the other hand, the Confrontation Clause has no application to such statements and therefore permits their admission even if they lack indicia of reliability.

*Whorton v. Bockting,* 549 U.S. 406, 420 (2007). Therefore, the reliability of Gaffney's statement is without constitutional significance.[3] The admission of Gaffney's nontestimonial statement did not violate Petitioner's rights under the Confrontation Clause.

To the extent Petitioner argues that the statement was improperly admitted under the Michigan Rules of Evidence, this court cannot review the state-court's determination to admit the statement. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. Further, under the AEDPA, the

---

[3] *Whorton* and *Davis* overruled previous Sixth Circuit cases such as *Franklin*, to the extent that they held that nontestimonial statements could still violate the Confrontation Clause if they were unreliable. *See United States v. Arnold*, 486 F.3d 177, 192 (6th Cir. 2007) (*en banc*); *United States v. Pugh*, 273 F. App'x 449, 455 (6th Cir. 2008) ("Because the statement is not testimonial in nature, the Confrontation Clause is not implicated.")

court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner has not met this difficult standard.

Petitioner has not borne his burden of showing that the state court's decision on his Confrontation Clause claim was objectively unreasonable. To the contrary, the state court was clearly correct. Petitioner's claim therefore fails.

**II.    Good Cause and Prejudice**

Petitioner's second ground alleges he can show good cause and prejudice to excuse his procedural default, because his appellate counsel was ineffective for not having raised his Confrontation Clause claim in his direct appeal. (Pet. at 7.) To the extent that Petitioner argues that he has shown good cause for failing to raise the Confrontation Clause issue on his direct appeal, I have assumed that Petitioner had shown good cause, determined Petitioner's claim on the merits and found that the testimony in question did not violate Petitioner's rights under the Confrontation Clause.

To the extent that Petitioner asserts that he received ineffective assistance of counsel and was prejudiced for appellate counsel's failure to raise Confrontation Clause argument on appeal, Petitioner's claim is also without merit. Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of

appellate counsel in these circumstances, a plaintiff must show that the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.* This requires an assessment of the strengths of the omitted appellate claims. *See Valentine v. United States*, 488 F.3d 325, 338 (6th Cir. 2007). Appellate counsel did raise claims on direct appeal against the admissibility of *McPherson's*[4] statement (not Gaffney's). That effort was unsuccessful. Since there was no possible Confrontation Clause violation arising from admission of Gaffney's nontestimonial statement, Petitioner cannot show that he was prejudiced by appellate counsel's failure to raise that claim in the direct appeal. An appellate attorney does not act unreasonably in refusing to raise issues that lack merit. *See Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003).

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.


Dated:  April 7, 2009                         /s/  Joseph G. Scoville
                                              United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[4] The admission of McPherson's out-of-court statement raises no issue under the Confrontation Clause, because McPherson testified at Petitioner's trial and was subject to cross-examination. *See Crawford*, 541 U.S. at 53-54; *United States v. Owens*, 484 U.S. 554, 558-60 (1988).